IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN HUNT, mother and personal representative of DARRIEN HUNT, deceased; CURTIS HUNT; and ESTATE OF DARRIEN HUNT, by its Personal Representative Susan Hunt,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW L. SCHAUERHAMER; NICHOLAS E. JUDSON; and the CITY OF SARATOGA SPRINGS, UTAH<br><br>Defendants. | Case No. 2:15-cv-00001-TC-PMW<br><br><br>**MEMORANDUM AND ORDER**<br><br><br>**District Judge Tena Campbell**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court is plaintiffs Susan Hunt, Curtis Hunt, and Estate of Darrien Hunt's ("Plaintiffs") Motion to Deem Every Allegation in Plaintiffs' Complaint that Is Not Specifically Denied in Defendants' Answer Admitted, or Alternatively to Order Defendants to Answer All Allegations in the Complaint.[1]

Plaintiffs filed a 43-page, 235-paragraph complaint against defendants Officer Matthew Schauerhamer, Officer Nicholas E. Judson, and the City of Saratoga Springs ("Defendants"). The complaint contains numerous, extensive allegations, characterizations, and legal assertions and conclusions. Defendants' answer is significantly shorter than the complaint, but contains Defendants' admissions regarding certain substantive allegations and the statement that

---

[1] Docket no. 7.

"Defendants deny each and every other allegation of Plaintiffs' Complaint except as specifically admitted."[2]  Defendants' answer also states in short, plain terms defenses to Plaintiffs' claims.

Plaintiffs' motion effectively contends that under rule 8 of the Federal Rules of Civil Procedure, Defendants are required to respond to the complaint on a line-by-line basis.  Plaintiffs cite no case law to support their interpretation of Rule 8.

Rule 8 provides that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).[3]  "A denial must fairly respond to the *substance* of the allegation."  Fed. R. Civ. P. 8(b)(2) (emphasis added).  The statute expressly provides that a party may admit some allegations in a pleading and "generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3).

In denying an analogous motion to strike portions of an answer, the court in *Nyanjom v. Hawker Beechcraft Corp.*, 2013 6008309, 3 (D. Kan. 2013) noted:

> The Court has reviewed Plaintiff's arguments and finds no basis to strike the Answer as to these paragraphs. They each comply with the *minimal* pleading requirements set forth in Rule 8(b)(1). *No evidence is required at the pleading state*, and there is no requirement that Defendant set forth its denials as to Plaintiff's allegations in the light most favorable to Plaintiff.  *The purpose of the pleadings is to provide notice of each party's position on the allegations involved in the case to enable them to conduct discovery and make strategic decisions as to how to proceed. The pleadings do not establish at this stage of the proceedings that any averments therein are undisputed or material. To the extent either party seeks to litigate the merits of the allegations, admissions, or denials set forth in the pleadings, they should do so through a properly supported dispositive motion.*

(emphasis added).

---

[2] Docket no. 5 at 4.

[3] This provision mirrors Rule 8(a)(2)'s requirement—a requirement apparently overlooked by Plaintiffs' counsel in drafting the complaint—that the complaint must contain "a *short and plain statement* of the claim showing that the pleader is entitled to relief." (emphasis added).

Here, Defendants have met the pleading requirements for purposes of Rule 8. The answer responds to the *substance* of Plaintiffs' allegations, and provides sufficient information to permit Plaintiffs to understand Defendants' position, conduct discovery, and formulate case strategy. While Plaintiffs may dislike or disagree with Defendants' answer, that does not render it defective. The proper procedure for establishing facts and obtaining specific admissions is through the discovery process, not through unverified initial pleadings.

Accordingly, IT IS HEREBY ORDERED that that Defendant's motion is DENIED.

**IT IS SO ORDERED**.

DATED this 14th day of May, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge