IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN HUNT, mother and personal representative of DARRIEN HUNT, deceased; CURTIS HUNT; and ESTATE OF DARRIEN HUNT, by its Personal Representative Susan Hunt,<br><br>    Plaintiffs,<br><br>vs.<br><br>MATTHEW L. SCHAUERHAMER; NICHOLAS E. JUDSON; and the CITY OF SARATOGA SPRINGS, UTAH,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:15-CV-1-TC-PMW |

  Plaintiff Susan Hunt and her former counsel Bob Sykes[1] have a dispute about attorney's fees in this matter. Mr. Sykes filed a Notice of Attorney's Lien, and, at Mr. Sykes' request, the magistrate judge issued an order sealing the documents related to the dispute (a significant amount of the documents were communications between Mr. Sykes and Ms. Hunt). The order was issued based on the premise that the documents may be protected by the attorney-client privilege.

  Now, under Federal Rule of Civil Procedure 72(a) and Local Rule DUCivR72-3,

---

[1]Mr. Sykes and his law firm Sykes McAllister Law Offices, PLLC (SMLO) represented Ms. Hunt in this matter until Ms. Hunt dismissed them. To simplify, the court refers only to Mr. Sykes in this order, but any reference to Mr. Sykes includes SMLO.

Defendants object to the magistrate judge's order.  In Defendants' objection,[2] they contend that the information submitted by Mr. Sykes should not be sealed because any privilege that may have attached to the documents was waived by Ms. Hunt.

The court has reviewed the pleadings and documents, and agrees with the Defendants that any attorney-client privilege that may have protected the materials from disclosure has been waived by Ms. Hunt.  Accordingly, for the reasons set forth below, the court reverses the magistrate's understandably cautious decision and orders that the documents subject to the objection be unsealed.

## **PROCEDURAL AND FACTUAL BACKGROUND**

This 42 U.S.C. § 1983 civil rights action concerns the death of Ms. Hunt's son, Darrien Hunt, who was fatally shot by police officers in the City of Saratoga Springs.  After the complaint was filed, the parties (including Darrien Hunt's father) purportedly settled for $900,000.  But Ms. Hunt contends that she never agreed to the settlement terms, and, consequently, she repudiated any such agreement, both in communications to Mr. Sykes and to the media on September 10, 2015.  According to an article published in The Salt Lake Tribune, Ms. Hunt announced that "she declined a $900,000 civil settlement with the City of Saratoga Springs and the two officers who shot her son, saying she would have been required to stay quiet about the incident."  <u>Mom of Darrien Hunt Says She Rejected $900K Settlement Offer in Son's Death</u>, The Salt Lake Tribune, Sept. 10, 2015 (Ex. A to ECF No. 47).  On September 30, 2015, the Defendants filed a motion to enforce the settlement.[3]

---

[2]ECF No. 47.

[3]ECF No. 17.

In the meantime, Mr. Sykes (who had a contingency fee agreement with Ms. Hunt and had just been fired as her counsel) filed a notice of attorney's lien.[4] On October 13, 2015, Ms. Hunt filed a brief opposing the attorney's lien[5] in which she alleged malpractice and reiterated her position that she had not given Mr. Sykes authority to settle the case, particularly on the terms that the Defendants were now trying to enforce. Ms. Hunt did not file her brief under seal.

On November 10, 2015, Mr. Sykes filed a response to Ms. Hunt's allegations. But he asked for permission to file the brief and exhibits under seal, expressing concern that the information he needed to rebut Ms. Hunt's allegations may be protected by attorney-client privilege. He suggested that Ms. Hunt had waived that privilege, but in an abundance of caution, he wanted to keep the information sealed:

> Given statements made in Hunt's Opposition [to the Attorney's Lien] and other public filings made by her new attorney, there are legal grounds to argue that the confidentiality provisions of Rule 1.6 [of the Utah Rules of Professional Responsibility] and the protections of the attorney-client privilege are no longer available to Ms. Hunt. Nonetheless, SMLO believes that the safe and correct approach at this point in time is to seal its Response to avoid even the appearance of impropriety in the disclosures that will be included in the response.

(ECF No. 40 at 3.) The magistrate judge granted the motion in a docket text order that simply said, "Out of an abundance of caution for protecting privileged or potentially privileged materials, the motion for leave to file under seal is GRANTED. If it is subsequently determined that some materials are not entitled to privilege protections, the court will reconsider this issue."[6]

The Defendants have appealed that order, contending that Ms. Hunt has waived any

---

[4]ECF No. 16.

[5]ECF No. 24.

[6]ECF No. 46.

privilege she may have had in the documents submitted by Mr. Sykes.[7] Mr. Sykes briefly responded to the appeal, simply saying that he did not object to unsealing the documents if the court determines the privilege has been waived.[8] Ms. Hunt was given the opportunity to respond to the objection, but she did not file anything with the court, and the time for doing so has passed.

## ANALYSIS

Under the local rules of this court, "[t]he records of the court are presumptively open to the public." DUCivR 5-2(a). "A portion of a document or portion of a pleading shall be filed under seal only if the document or pleading, or portions thereof, are <u>privileged</u> or protectable as a trade secret or otherwise entitled to protection under the law." <u>Id.</u> (emphasis added).

**<u>Utah Attorney-Client Privilege Law Applies.</u>**

Rule 501 of the Federal Rules of Evidence provides that "in a civil case, state law governs privilege regarding a claim or defense <u>for which state law supplies the rule of decision</u>." Fed. R. Evid. 501 (emphasis added). Although the case was filed under 42 U.S.C. § 1983, the discrete issue now before the court concerns the existence and interpretation of a settlement agreement and so requires application of the rules of state contract law. "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." <u>Shoels v. Klebold</u>, 375 F.3d 1053, 1060 (10th Cir. 2004). Because Utah law supplies the rule of decision on the issue now before the court, the court applies Utah's law governing waiver of the

---

[7] <u>See</u> Appeal of Magistrate Judge Warner's Order Granting Counsel's Ex Parte Motion to File Its Reply to Susan Hunt's Opposition to Attorney's Lien Under Seal, ECF No. 47.

[8] ECF No. 57 at 3 ("There is strong legal support for Defendants' positions. SMLO filed its Response under seal in an abundance of caution. If the Court determines to unseal the Response, so be it.").

attorney-client privilege.

**Ms. Hunt Waived the Attorney-Client Privilege.**

The court first notes that Ms. Hunt has neither asserted privilege for the documents at issue nor made any effort to protect the communications from disclosure.  Indeed, the circumstances here suggest an intent to waive any privilege protecting disclosure of her attorney-client communications concerning Mr. Sykes' authority to finalize the settlement Defendants now seek to enforce.

First, Ms. Hunt publicly announced that she did not agree to the $900,000 settlement. Second, Ms. Hunt did not respond to the Defendants' motion to unseal the documents or the Defendants' objection to the order sealing the information.  Third, in her opposition to the Attorney's Lien and Defendants' motion to enforce the settlement agreement, Ms. Hunt makes allegations and arguments that put her communications with Mr. Sykes directly at issue.  And finally, she recently revealed some of the sealed documents in a public filing concerning the dispute over whether she agreed to the terms of the settlement.  Those communications include an exchange of text messages between her and Mr. Sykes (ECF No. 59-3 at 60-63), the September 25, 2014 Retainer Agreement between Ms. Hunt and Mr. Sykes (id. at 67), a chain of email messages between Ms. Hunt and Mr. Sykes (id. at 64; ECF No. 59-4 at 2), and a transcript of an August 12, 2015 telephone conversation between Ms. Hunt and Mr. Sykes (ECF No. 59-5 at 2-3).

The court, applying Utah privilege law to these facts, finds that Ms. Hunt has waived her privilege.

The Utah case in Terry v. Bacon, 269 P.3d 188 (Utah Ct. App. 2011), is remarkably on

point. In Terry, a physician attempted to enforce a settlement agreement with his patient, whose attorney had arranged the settlement. The patient asserted that his attorney (whom he had just fired) did not have authority to enter into the settlement on his behalf.

"Generally, when a party places privileged matters at issue in the litigation, that party implicitly consents to disclosure of those matters." Id. at 193 (internal quotation marks and citations omitted). Specifically in Terry, because the patient claimed that he "did not authorize former counsel to enter into the settlement agreement," the court held that he "directly placed communications between former counsel and the Terrys regarding the settlement offer at the heart of the case" and so had waived the privilege. Id. at 193. Here, Ms. Hunt has directly placed her communications with Mr. Sykes at issue, not only in the dispute over the Attorney's Lien, but also in the interrelated dispute about whether the settlement agreement should be enforced.

The content of the communications between Ms. Hunt and Mr. Sykes (that is, the sealed information) is relevant to all of the parties' arguments. The information may be used by Ms. Hunt to defend against the motion to enforce and to challenge the validity of the Attorney's Lien. Defendants need to use the content of the communications in their effort to enforce the settlement agreement. And Mr. Sykes will need it to enforce his Attorney's Lien. Ms. Hunt's case "'presents precisely the type of situation where the attorney-client privilege must be deemed waived to ensure fairness to both parties.'" Id. at 194.

For these reasons, the court finds that, under Utah privilege law, Ms. Hunt has waived her privilege for documents related to the settlement negotiations.

**Ms. Hunt's Waiver Extends to the Sealed Materials Filed By Mr. Sykes.**

Even though the court holds that Ms. Hunt has waived the privilege, the court must consider Rule 502 of the Federal Rules of Evidence, which provides some federal limitations on the scope of the waiver, even if state privilege law controls.[9]

> When the disclosure is made in a federal proceeding . . . and waives the attorney-client privilege . . . , the waiver extends to an undisclosed communication or information in a federal or state proceeding only if
> (1) the waiver is intentional;
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
> (3) they ought in fairness to be considered together.

Fed. R. Evid. 502(a) (emphasis added).

Applying the standard of Rule 502(a) and Utah case law, the court finds that not only has Ms. Hunt waived the privilege for communications she has revealed, but she has also waived the privilege for other communications supplied by Mr. Sykes to respond to Ms. Hunt's allegations in her opposition to the Attorney's Lien.  Ms. Hunt's waiver is intentional because she has repeatedly told the court the substance of her communications with her attorney in her Opposition to the Motion to Enforce Settlement[10] and her opposition to Mr. Syke's Notice of Attorney's Lien.[11]  Her statements addressed the same subject matter addressed by Mr. Sykes in

---

[9] "[N]otwithstanding Rule 501, this rule [502] applies even if state law provides the rule of decision."  Fed. R. Evid. 502(f).  But the advisory committee commentary to Rule 502 emphasizes that the rule "makes no attempt to alter federal or state law or whether a communication or information is protected under the attorney-client privilege or work product immunity as an initial matter." Fed. R. Evid. 502 Advisory Committee's Explanatory Note to 2007 Amendment.

[10] ECF No. 23.

[11] ECF No. 24.

his communications to the court (that is, what Ms. Hunt did or did not give Mr. Syke's authority to do). And in fairness, the information that Mr. Sykes provided to the court should be considered with what Ms. Hunt has told the court in her opposition to the Attorney's Lien and her opposition to the Motion to Enforce Settlement Agreement.

The evidence—in particular the arguments and sealed evidence in Mr. Sykes' response to Ms. Hunt's objection to the Attorney's Lien—directly addresses whether Ms. Hunt gave Mr. Sykes authority to settle and whether she agreed to the settlement. This evidence should not be sealed for it is critical to the Defendants' motion to enforce the settlement agreement as well as Mr. Sykes' ability to defend himself against Ms. Hunt's challenge to the Attorney's Lien.

For all of these reasons, the court holds that the information submitted by Mr. Sykes in Mr. Sykes' pleading that defends the Attorney's Lien should be unsealed.

*  *  *

### ORDER

The magistrate judge order sealing Mr. Sykes' Reply and accompanying exhibits (ECF No. 46) is reversed because the court finds that Ms. Hunt has waived her privilege concerning the documents and subject matter at issue in the attorneys' lien and settlement enforcement disputes. The court orders that Mr. Sykes' November 17, 2015 Response to Susan Hunt's Opposition to Attorney's Lien (ECF No. 50) along with its exhibits be unsealed immediately by the Clerk of the Court. For the same reasons, Clerk of the Court is directed to unseal the Defendants' Supplemental Brief in Support of their Motion to Enforce Settlement (ECF No. 52) (including its

accompanying exhibits), which relies on some of the material submitted by Mr. Sykes.

SO ORDERED this 6th day of January, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge