IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN HUNT, mother and personal representative of DARRIEN HUNT, deceased; CURTIS HUNT; and ESTATE OF DARRIEN HUNT, by its Personal Representative Susan Hunt,<br><br>          Plaintiffs,<br><br>vs.<br><br>MATTHEW L. SCHAUERHAMER; NICHOLAS E. JUDSON; and the CITY OF SARATOGA SPRINGS, UTAH,<br><br>          Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:15-CV-1-TC |

In February 2016, the court granted the Defendants' motion for an order requiring Plaintiff Susan Hunt to abide by the terms of the parties' negotiated settlement agreement. (See Feb. 22, 2016 Order & Mem. Decision, Docket No. 75 (granting in relevant part Defs.' Mot. to Enforce Settlement (Docket No. 17) ("February 2016 Order").) Upon validation of the settlement agreement, the court dismissed the case (the settlement resolved all of the claims in the Plaintiffs' complaint), and entered judgment on April 6, 2015. (See Docket Nos. 96-97.)

On May 4, 2016, Ms. Hunt appealed the court's February 2016 Order to the Tenth Circuit. At the same time, she filed a Rule 59 Motion for New Trial[1] (Docket No. 101), which is

---

[1]The three Defendants, Curtis Hunt (Ms. Hunt's Co-Plaintiff), and interested-party Sykes McAllister Law Offices PC, all oppose the motion. (See Defs.' Mem. Opp'n (Docket No. 111);

now before the court.

Although the title of Ms. Hunt's motion describes it as a motion for a "new trial," she essentially asks the court to reconsider and reverse its decision that she entered into an enforceable settlement agreement with the Defendants. (Mot. at 1 (asking court to "vacate the judgment entered in this case on April 6, 2015, and reset this case for litigation on the merits and a new trial.").) For the reasons set forth below, the court denies the motion.

## DISCUSSION

Citing to Federal Rule of Civil Procedure 59, Ms. Hunt asks the court to reevaluate the legal analysis underlying its decision granting the Defendants' Motion to Enforce Settlement. (Mot. at 1.) Rule 59 allows the filing of a "motion to alter or amend a judgment[.]" Fed R. Civ. P. 59(e). Alternatively, she asks the court to hold an evidentiary hearing to resolve what she characterizes as disputed material facts. (Mot. at 19.)

In support of her motion (which is in all material respects a motion to reconsider), she makes four points:

> **First,** the undisputed facts do not establish that Susan's attorney, Robert Sykes, had <u>actual or apparent authority</u> to accept the settlement offer advanced by Defendants' counsel on August 18, 2015. **Second,** the undisputed facts do not establish that the parties considered the settlement proposals to be binding and enforceable <u>absent Susan's signature</u>. **Third,** even if the settlement agreement is considered binding, the Defendants' position overlooks that the evidence established that Susan had a <u>comparatively substantial excuse for her nonperformance</u> of the agreement, <u>which renders it unenforceable</u> under Utah law. **Finally,** even if the Defendants' motion cannot be denied as a matter of law, the court's grant of that motion as a matter of law—without allowing an <u>evidentiary hearing</u>—was incorrect because there are <u>several disputes of material fact even</u>

---

Sykes' Parties' Mem. in Response and Suggestion of Partial Mootness (Docket No. 110); Curtis Hunt's Joinder in Opp'ns to Mot. (Docket No. 112).)

<u>absent an affidavit from Susan</u>.

(Id. at 1 (emphases added).)

To justify reversal under Rule 59, Ms. Hunt must show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." <u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." <u>Id</u>. But a motion for reconsideration is not appropriate when it "merely advances new arguments, or supporting facts which were available at the time of the original motion." <u>Id</u>. Ms. Hunt has not satisfied her substantial burden under Rule 59.

She does not cite to an intervening change in the controlling law. Instead, she re-analyzes issues that were discussed in the court's February 2016 Order: whether her attorney had actual or apparent authority to accept the settlement offer, and whether the email exchange, without Ms. Hunt's signature, formed a binding agreement.

She raises a new legal argument that "Susan had a comparatively substantial excuse for her nonperformance" which made the agreement unenforceable. (Mot. at 1 (asserting, for instance, that "the facts demonstrate that Susan [whose son was shot and killed by the police officer Defendants] was in an intensely emotional state during the entire period settlement was being attempted").) According to Ms. Hunt, "[e]ven if the court determines that there is a valid settlement agreement, it must nevertheless <u>resolve a second question</u>: whether Susan raised a comparatively substantial excuse for her nonperformance." (<u>Id</u>. at 16-17 (emphasis added).) She could have raised this argument during briefing of the motion to enforce the settlement, but she

3

did not.  Indeed, Ms. Hunt cites to case law and legal principles that existed at the time the court considered the motion to enforce.² Because the issue was not presented to the court, the court did not consider it.  And the court will not consider it now.  Motions for reconsideration are not appropriate when they "merely advance[] <u>new arguments</u> . . . which were <u>available at the time of the original motion</u>." Servants of the Paraclete, 204 F.3d at 1012 (emphasis added).

      Ms. Hunt does not cite to new evidence (i.e., evidence that was unavailable at the time).  Instead, she contends that the court erred when it denied her earlier request for an evidentiary hearing to supplement evidence already in the record.  She is apparently referring to her request for an evidentiary hearing that came to the court through a verbal proffer from her counsel just minutes before the court began to hear oral argument on the motion to enforce.  According to Ms. Hunt, the court should have granted her last-minute request to testify on the stand "because the various letters, emails, and text messages between [Ms. Hunt] and [Robert Sykes (Ms. Hunt's counsel at the time),] and between [Robert] Sykes and Defendants' counsel, were sufficient to raise disputes of material facts with respect to the existence or terms of the alleged agreement to settle."³  (Mot. at 19-20.)  Now, to demonstrate such "disputes of material facts," she comes full circle and refers the court back to her argument about why the court should reconsider its February 2016 Order.  (<u>See</u> <u>id.</u> at 20.)

---

      ²In addition to raising a new argument in this forum, she asks the court to certify the "comparatively substantial excuse for nonperformance" issue (which she says is not clearly articulated in Utah cases) to the Utah Supreme Court.  This is not the proper setting for such a request.

      ³Ms. Hunt had more than one opportunity to present that evidence in the form of an affidavit or declaration that might have created a genuine dispute of material fact.  But she did not do so.  (<u>See</u> February 2016 Order at 2 n.2, Docket No. 75.)

As Ms. Hunt essentially concedes, she filed her motion in an attempt "[t]o stave off the need for a lengthy and expensive appeal" to the Tenth Circuit.  (Id. at 1.)  Because she has not satisfied her burden under Rule 59, Ms. Hunt must look to the Tenth Circuit for the remedy she seeks here.  Her Rule 59 Motion for New Trial (Docket No. 101) is DENIED.

SO ORDERED this 22nd day of August, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge